**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.                                                              Case No. 3:11-cr-247-Orl-37JBT-1

RICHARD OLIN DUNN.

---

**ORDER**

The cause is before the Court on the Opinion and Mandate Issued by the U.S. Court of Appeals for the Eleventh Circuit (Doc. 182), filed June 22, 2016.

On December 1, 2011, Defendant pled guilty to, and the Court adjudicated him guilty of, two federal drug trafficking charges. (*See* Doc. 55; *see also* Doc. 57.) At sentencing, Defendant's initial criminal offense level was 36 with a criminal history category of one, resulting in an initial guideline range of 188 to 235 months' imprisonment. (*See* Doc. 161, p. 13.) After the Court credited Defendant with a three-level downward adjustment for acceptance of responsibility (*id.* at 5, 28), his criminal offense level was reduced to 33, yielding an applicable guideline range of 135 to 168 months' imprisonment ("**Original Applicable Range**") (Doc. 176, pp. 1–2). The Court also granted the Motion by the United States for Downward Departure of Defendant's Sentence Based upon Substantial Assistance (Doc. 117) and departed downward two additional levels ("**Assistance Departure**") (Doc. 161, p. 14), ultimately sentencing Defendant to 120 months' imprisonment (*id.* at 33–34). (*See* Docs. 123, 124.)

On September 3, 2015, Defendant moved for a sentence reduction pursuant to Amendment 782. (Doc. 174.) The parties agreed that: (1) pursuant to Amendment 782, the Original Applicable Range would be reduced to 108 to 135 months' imprisonment

("**Reduced Range**") (*see* Doc. 175, pp. 1, 3); and (2) the Court had discretion to apply a downward departure from the Reduced Range in an amount comparable to the Assistance Departure from the Original Applicable Range. (*See* Docs. 174, 175.) However, the parties disagreed as to how the Court should calculate a comparable departure.

Defendant requested that the Court employ a "level-based approach"—that is, depart from the Reduced Range the same number of levels that the Court departed from the Original Applicable Range, resulting in a guideline range of 87 to 108 months' imprisonment. (*See* Doc. 174). Conversely, the Government argued that the Court was *required* to employ a "percentage-based approach"—that is, depart from the bottom of the Reduced Range in an amount equal to the percentage departed from the bottom of the Original Applicable Range—eleven percent. (*See* Doc. 175.) Ultimately, the Court adopted the Government's position and applied an eleven-percent downward departure from the bottom of the Reduced Range, resulting in a sentence of 96 months' imprisonment. (Doc. 176 ("**782 Order**").) Defendant subsequently appealed the Court's 782 Order (*see* Doc. 177) and moved for summary reversal (*see* Doc. 182, p. 1).

On appeal, the U.S. Court of Appeals for the Eleventh Circuit reversed the Court's 782 Order and reiterated its recent holding in *United States v. Marroquin-Medina*, 817 F.3d 1285, 1292–93 (11th Cir. 2016)—that is, that "a district court commits procedural error if it concludes that the percentage-based approach is the *only* permissible method of calculating the degree of a 'comparable reduction' under the [U.S. Sentencing Guidelines]." (Doc. 182, p. 4). Consequently, the Eleventh Circuit held that the Court erred by adopting the Government's position in its 782 Order and, thus,

granted Defendant's motion for summary reversal. (*Id.* at 4–5.)

Pursuant to the Eleventh Circuit's Opinion, the Court acknowledges its discretion to use either a level-based approach or a percentage-based approach in applying a comparable downward departure for Defendant's substantial assistance. *See Marroquin-Medina*, 817 F.3d at 1292–93. Here, applying the level-based approach would reduce Defendant's criminal offense level to 29, yielding an applicable guideline range of 87 to 108 months' imprisonment. Although a sentence of 96 months' imprisonment is well within this range, the Court elects to exercise its new-found discretion to: (1) reduce Defendant's criminal offense level from 31 to 29;[1] and (2) sentence Defendant to 87 months' imprisonment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** Defendant's sentence is reduced to 87 months' imprisonment. An Amended Judgment will be entered pursuant to the Court's Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 29, 2016.



ROY B. DALTON JR.
United States District Judge

---

[1] Defendant's criminal history category of one remains unaltered.

Copies:

Counsel of Record